UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| DANIELA HERRERA *Plaintiff* v. UBER TECHNOLOGIES, INC. and JAMES CARL BOHNERT *Defendants* | ) ) ) ) ) ) ) ) ) ) ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Uber Technologies, Inc. ("Uber") hereby gives notice of the removal of this action, which is currently pending in the Superior Court of Massachusetts in Barnstable County, captioned *Daniela Herrera v. Uber Technologies, Inc. et al.,* Civil Docket No. 2072CV00192, to the United States District Court for the District of Massachusetts. As grounds for removal, Uber states as follows:

1. Uber removes this case on the basis of diversity jurisdiction, on the grounds that there is diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

## BACKGROUND

2. On or about May 20, 2020, Plaintiff Daniela Herrera ("Plaintiff") filed a complaint ("Complaint") in the Massachusetts Superior Court for Barnstable County naming

Uber and James Carl Bohnert ("Bohnert") as defendants. Plaintiff's Complaint is attached hereto as **Exhibit A**.

3. Plaintiff alleges in her Complaint that she sustained injuries on August 28, 2017 when she was struck by a motor vehicle operated by Bohnert, who Plaintiff alleges was an agent, servant, or employee of Uber. *Id.*, pp. 3-4.

4. Plaintiff alleges that she suffered bodily injury and asserts negligent hiring and supervision and *respondeat superior* against Uber. *Id.*

## TIMELINESS OF REMOVAL

5. Uber was served with Plaintiff's Complaint on or about July 20, 2020.

6. This Notice of Removal is timely because it is filed within 30 days after the receipt by Uber, through service or otherwise, a copy of Plaintiff's Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (removal period triggered by service).

## DIVERSITY OF CITIZENSHIP

7. Complete diversity of citizenship exists in this matter because the defendants are citizens of different States from Plaintiff. *See* 28 U.S.C. § 1332(a).

8. Plaintiff alleges that she is an individual residing in Harrison, New Jersey. Thus, for the purpose of determining whether diversity jurisdiction exists, Plaintiff is a citizen of New Jersey.

9. At the time of the filing of the Complaint, Uber was, and currently is, a corporation formed under the laws of Delaware with its principal place of business in California. Thus, for the purpose of determining whether diversity jurisdiction exists, Uber is a citizen of Delaware and California.

10. Plaintiff alleges that Bohnert resides in the Commonwealth of Massachusetts. However, upon information and belief, Bohnert has not been served. Pursuant to § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined *and* served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2) (emphasis added). But the statute "is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under § 1441(a) so long as a federal district court can assume jurisdiction over the action." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705-707 (2d Cir. 2019); s*ee also Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018) (plain meaning of the statute precludes removal only when the defendant has been properly joined and served). As such, "[i]f a plaintiff serves a non-forum defendant before serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum defendant named in the complaint." *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 322 (D. Mass. 2013).

11. There is complete diversity between Plaintiff and Uber, which has been properly joined and served, because Plaintiff and Uber are citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

12. Based on Plaintiff's allegations, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction to 28 U.S.C. § 1332.

13. According to her Complaint, Plaintiff "was seriously injured, to wit: including but not limited to: broken ankle, right knee tear, limbar sprain, head injury, and other severe personal injuries, some or all of which are or may be permanent in nature."

14. Plaintiff's Civil Action Cover Sheet contains detailed itemizations of Plaintiff's claimed damages in excess of $760,000. Specifically, Plaintiff's medical expenses are allegedly in excess of $50,000 and her lost wages are allegedly in excess of $10,000. In addition, Plaintiff alleges that her reasonably anticipated future medical and hospital expenses are $250,000, her reasonably anticipated lost wages are $100,000, and other documented items of damages are $350,000. Thus, it is apparent from the Complaint and the Civil Action Cover Sheet that Plaintiff's alleged damages exceed the $75,000 amount necessary to establish diversity jurisdiction.

## **ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET**

15. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Uber is filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

16. Pursuant to 28 U.S.C. § 1446(a), Uber attaches all process, pleadings and orders that have been filed, served or received by Uber in this action as **Exhibit B**.

17. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of Massachusetts, as the Complaint in this action was filed in the Superior Court for the Commonwealth of Massachusetts, Barnstable County.

18. Uber will give written notice of the filing of this Notice of Removal to all other parties and will file a copy of this Notice of Removal with the Clerk of the Massachusetts Superior Court for Barnstable County, as required by 28 U.S.C. § 1446(d).

19. In removing this action, Uber does not intend to waive any rights or defenses to which they are otherwise entitled under the Federal Rules of Civil Procedure.

20. Based upon the record submitted with this notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, Defendant Uber Technologies, Inc. respectfully requests that this action proceed in the United States District Court for the District of Massachusetts, as an action properly removed from state court.

                Respectfully submitted by,
                Defendant
                UBER TECHNOLOGIES, INC.
                By its attorneys,

                /s/ Christopher G. Betke
                _____
                Christopher G. Betke, BBO# 552588
                Lesley P. Chuang, BBO# 685698
                COUGHLIN BETKE LLP
                175 Federal Street
                Boston, MA 02110
                (617) 988-8050
                cbetke@coughlinbetke.com
                lchuang@coughlinbetke.com

Dated: July 27, 2020

**CERTIFICATE OF SERVICE**

      I, Christopher G. Betke, hereby certify that on July 27, 2020, the foregoing Notice of Removal was filed electronically and served by mail, postage prepaid upon the parties listed below. Notice of the filing will be sent by email to all by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's ECF system.

Donald R. Grady, Jr., Esq.
Sara W. Khan, Esq.
Sheff Law Offices, P.C.
10 Tremont Street
Boston, MA 02108

                        /s/ Christopher G. Betke

                        Christopher G. Betke, Esq.