COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.  SUPERIOR COURT
CIVIL ACTION NO.:

DANIELA HERRERA

*Plaintiff,*

v.

UBER TECHNOLOGIES, INC., and
JAMES CARL BOHNERT

*Defendants.*

## COMPLAINT AND JURY DEMAND
### PARTIES

1. The Plaintiff, Daniela Herrera, is a resident of New Jersey, residing at 12 Grant Avenue in Patterson.

2. Defendant James Carl Bohnert ("Defendant Bohnert") is a resident of the Commonwealth of Massachusetts, residing at 420 Shorewood Drive, East Falmouth, Massachusetts, County of Barnstable.

3. Defendant, Uber Technologies ("Uber") is a for profit foreign corporation duly organized under the laws of the State of Delaware with a principal place of business located at 1455 Market Street, San Francisco, California and local registered agent, CT Corporation System, located at 155 Federal Street, Suite 700, Boston, Suffolk County, Massachusetts

4. At all times relevant to this Complaint, Uber was conducting substantial business throughout the Commonwealth of Massachusetts and as such purposely availed themselves to the Commonwealth of Massachusetts.

### FACTS

5. All previous paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

6. At all times relevant to this Complaint, Defendant Bohnert was a driver and employee of Uber.

7. At all times relevant to this Complaint, Defendant Bohnert was the owner and operator of a 2014 Nissan SUV bearing Massachusetts registration number 815YT4 ("Subject Vehicle").

8. At all times relevant to this Complaint, Defendant Bohnert was operating the Subject Vehicle in the scope of his employment as a driver for Uber.

9. On or about August 28, 2017, at approximately 4:10 p.m. Defendant, Bohnert struck pedestrian Daniela Herrera while operating the Subject Vehicle causing serious personal injuries.

## COUNT I
## NEGLIGENCE
### Daniela Herrera v. James Carl Bohnert

10. All previous paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

11. On or about August 28, 2017, Defendant Bohnert was in the scope of his employment as an Uber driver while operating the Subject Vehicle

12. On or about August 28, 2017, at approximately 9:03 p.m., Plaintiff Daniela Herrera was walking on Boylston Street near Ipswich Street in Boston, Massachusetts.

13. On or about August 28, 2017, at approximately 9:03 p.m., Defendant Bohnert carelessly, negligently and unskillfully operated, managed or controlled Subject Vehicle at the Woods Hole Steam Ship Authority in from of the Terminal Building.

14. As a result of the negligent operation of the Subject Vehicle, said motor vehicle was caused to collide with Daniela Herrera, a pedestrian walking on the side of the road, causing serious injuries.

15. The aforementioned collision was caused solely and exclusively by reason of the negligence of the Defendant Bohnert and was caused in no manner whatsoever by any act or failure to act on the part of the Plaintiff Daniela Herrera.

16. The Defendant was negligent by, among other things, operating the vehicle in a reckless manner, failing to use the appropriate caution in a heavily trafficked pedestrian area, and failing to recognize and avoid striking a pedestrian.

17. The serious injuries suffered by Daniela Herrera was the direct and proximate result of the negligence of the Defendant Bohnert as follows:
    a. Defendant negligently operated the Subject Vehicle that struck Daniela Herrera causing serious personal injuries;
    b. Defendant negligently failed to use the appropriate caution in a heavily trafficked pedestrian area; and
    c. Defendant negligently failed to recognize and avoid striking pedestrian Daniela Herrera.

18. As a result of Defendant's negligence, as described above, the Plaintiff was seriously injured, to wit: including but not limited to: broken ankle, right knee tear, lumbar sprain, head injury, and other severe personal injuries, some or all of which are or may be permanent in nature.

19. As a further and proximate result of the negligence of Defendant Bohnert, the Plaintiff was put to great expense for medicine, medical attention and nursing in an amount greater than Two Thousand ($2,000.00) Dollars, and was for a long period of time unable to attend to Plaintiff's usual duties, all to his great detriment and loss.

20. As a further result of the negligence of Defendant Bohnert, the Plaintiff, Daniela Herrera, has undergone great physical pain and mental anguish, and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

21. As a further direct and proximate result of the Defendant's negligence, the Plaintiff will for an indefinite time in the future be obliged to expend various and diverse sums of money in and about an effort to cure himself of the injuries he has suffered, all to his great detriment and loss.

22. Plaintiff, Daniela Herrera, further alleges to have a cause of action in accordance with M.G.L.A. c. 231, § 6D.

WHEREFORE, the Plaintiff demands judgment and damages of the Defendant herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT II
## NEGLIGENT HIRING & SUPERVISION
## Daniela Herrera v. Uber Technologies, Inc.

23. All previous paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

24. Defendant Uber had a duty to exercise reasonable care in the hiring, training, and supervision of its employees.

25. On or about August 28, 2017, Defendant Uber knew or should have known that employee Mr. Bohnert, lacked the proper skills and training and was unfit and unable to safely and properly operate the Subject Vehicle.

26. By failing to take reasonable measures in properly hiring, training, and supervising its employees, including but not limited to Defendant Bohnert, Defendant Uber breached its duty of care to Plaintiff Daniela Herrera.

27. As a direct and proximate result of Defendant Uber's negligent and/or grossly negligent hiring, training, and supervision of Defendant Bohnert, Plaintiff Daniela Herrera was caused to suffer serious injuries.

WHEREFORE, the Plaintiff demands judgment and damages of the Defendant herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT III

### RESPONDEAT SUPERIOR
### Daniela Herrera v. Uber Technologies, Inc.

28. All previous paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

29. On or about August 28, 2017, Defendant Uber had in its employ, agency, or service Defendant Bohnert.

30. Pursuant to the doctrine of Respondeat Superior, all negligence and/or gross negligence committed by its employees, agents, or servants is imputed to be the responsibility of Defendant Uber.

WHEREFORE, the Plaintiff demands judgment and damages of the Defendant herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.**

Respectfully Submitted,

The Plaintiff,
By her attorneys,

Donald R. Grady, Jr., BBO # 544841
Sara W. Khan, BBO # 680769
SHEFF LAW OFFICES, P.C.
10 Tremont Street
Boston, MA 02108
(617) 227-7000
DGrady@Shefflaw.com

Dated: 5.14.20