

# SHEFF LAW

THE DANIEL WEBSTER SUITE
TEN TREMONT STREET
BOSTON, MASSACHUSETTS 02108
PHONE 617-227-7000
FAX 617-227-8833
www.shefflaw.com

DOUGLAS K. SHEFF

DONALD R. GRADY, JR.*
FRANK J. FEDERICO, JR.

*Also admitted in New York
**Also admitted in California
***Also admitted in Maine

MATTHIEU J. PARENTEAU***
SARA W. KHAN**
CHASE A. MARSHALL

STEPHEN J. CHIASSON** (of Counsel)

THERESA M. WALL (Business Mgr.)

IRVING H. SHEFF (1922-2007)

July 17, 2020

**VIA CERTIFIED & FIRST-CLASS MAIL**
**RETURN RECEIPTS REQUESTED**

Uber Technologies, Inc.
1455 Market Street,
San Francisco, CA 94103

    Re:   Daniela Herrera v. James Carl Bohnert et al
           Civil Action No.: 2072cv00192

Dear Sir/Madam:

Pursuant to Massachusetts Long Arm Statute enclosed herewith for service upon Uber Technologies, Inc., please find the following documents:

1. Summons
2. Civil Action Cover Sheet
3. Tracking Order
4. Plaintiff's Complaint and Jury Demand

Kindly contact the undersigned upon receipt. Thank you for your courtesy and cooperation.

                                        Very truly yours,

                                        *Sara W. Khan*

                                        Sara W. Khan, Esq.
                                        Sheff Law Offices, P.C.

SWK/sdg
Enclosure

*By Certified Mail: 7018229000213717668*

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Daniela Herrera | COUNTY |
|---|---|---|
| ADDRESS: | 12 Grant Avenue | Suffolk |
| | Harrison, NJ 07029 | |

| | | DEFENDANT(S): | Uber Technologies, Inc., James Carl Bohnert |
|---|---|---|---|
| | | | 1455 Market Street, San Francisco CA |

| ATTORNEY: | Sara W. Khan | | |
|---|---|---|---|
| ADDRESS: | Sheff Law Offices, 10 Tremont Street, 7th Floor, Boston, MA 02108 | ADDRESS: | 455 Market Street, San Francisco CA and |
| | | | 420 Sherwood Drive, East Falmouth, MA |

| BBO: | 680769 |
|---|---|

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B 03 | Motor Vehicle Negligence - Personal Injury/Prope | F | ☒ YES   ☐ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................................ $ 50,000.00
2. Total doctor expenses ............................................................................................. $
3. Total chiropractic expenses .................................................................................... $
4. Total physical therapy expenses ............................................................................. $
5. Total other expenses (describe below) ................................................................... $
   Subtotal (A): $

B. Documented lost wages and compensation to date ................................................... $ 10,000.00
C. Documented property damages to date .................................................................... $
D. Reasonably anticipated future medical and hospital expenses ................................. $ 250,000.00
E. Reasonably anticipated lost wages ........................................................................... $ 100,000.00
F. Other documented items of damages (describe below) ............................................ $ 350,000.00
Pain & Suffering, loss of enjoyment, permanent impairment

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Complex SLAP tear requiring multiple surgeries, neck and back injuries and pain
tinnitus,
TOTAL (A-F):$ $760,000.00

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X                                                       Date:

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                                        Date: May 14, 2020

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2072CV00192 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Herrera, Daniela vs. Uber Technologies, Inc. et al | | Scott W. Nickerson, Clerk of Court Barnstable County |
| TO: Sara W Khan, Esq. Sheff Law 10 Tremont St 7th Floor Boston, MA 02108 | | COURT NAME & ADDRESS Barnstable County Superior Court 3195 Main Street Barnstable, MA 02630 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**      **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/18/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 09/17/2020 | |
| All motions under MRCP 12, 19, and 20 | 09/17/2020 | 10/19/2020 | 11/16/2020 |
| All motions under MRCP 15 | 09/17/2020 | 10/19/2020 | 11/16/2020 |
| All discovery requests **and depositions** served and non-expert depositions completed | 03/16/2021 | | |
| All motions under MRCP 56 | 04/15/2021 | 05/17/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 09/13/2021 |
| Case shall be resolved and judgment shall issue by | | | 05/20/2022 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 05/20/2020 | Scott W Nickerson | (508)375-6684 |

Date/Time Printed: 05-20-2020 13:44:10     SCV026\ 08/2018

## Commonwealth of Massachusetts

BARNSTABLE, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2072CV00192

Daniela Herrera, PLAINTIFF(S),

v.

Uber Technologies, inc., et al DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO Uber Technologies, Inc. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Barnstable Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Superior Court, by mail to P.O. Box 425, or in person to 3195 Main Street, Barnstable, MA  02630, **AND**

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _____.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                                                          SUPERIOR COURT
                                                                                        CIVIL ACTION NO.:

DANIELA HERRERA

      *Plaintiff,*

v.

UBER TECHNOLOGIES, INC., and
JAMES CARL BOHNERT

      *Defendants.*

## COMPLAINT AND JURY DEMAND
### PARTIES

1. The Plaintiff, Daniela Herrera, is a resident of New Jersey, residing at 12 Grant Avenue in Patterson.

2. Defendant James Carl Bohnert ("Defendant Bohnert") is a resident of the Commonwealth of Massachusetts, residing at 420 Shorewood Drive, East Falmouth, Massachusetts, County of Barnstable.

3. Defendant, Uber Technologies ("Uber") is a for profit foreign corporation duly organized under the laws of the State of Delaware with a principal place of business located at 1455 Market Street, San Francisco, California and local registered agent, CT Corporation System, located at 155 Federal Street, Suite 700, Boston, Suffolk County, Massachusetts

4. At all times relevant to this Complaint, Uber was conducting substantial business throughout the Commonwealth of Massachusetts and as such purposely availed themselves to the Commonwealth of Massachusetts.

### FACTS

5. All previous paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

6. At all times relevant to this Complaint, Defendant Bohnert was a driver and employee of Uber.

7. At all times relevant to this Complaint, Defendant Bohnert was the owner and operator of a 2014 Nissan SUV bearing Massachusetts registration number 815YT4 ("Subject Vehicle").

1

8. At all times relevant to this Complaint, Defendant Bohnert was operating the Subject Vehicle in the scope of his employment as a driver for Uber.

9. On or about August 28, 2017, at approximately 4:10 p.m. Defendant, Bohnert struck pedestrian Daniela Herrera while operating the Subject Vehicle causing serious personal injuries.

## COUNT I
## NEGLIGENCE
### Daniela Herrera v. James Carl Bohnert

10. All previous paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

11. On or about August 28, 2017, Defendant Bohnert was in the scope of his employment as an Uber driver while operating the Subject Vehicle

12. On or about August 28, 2017, at approximately 9:03 p.m., Plaintiff Daniela Herrera was walking on Boylston Street near Ipswich Street in Boston, Massachusetts.

13. On or about August 28, 2017, at approximately 9:03 p.m., Defendant Bohnert carelessly, negligently and unskillfully operated, managed or controlled Subject Vehicle at the Woods Hole Steam Ship Authority in from of the Terminal Building.

14. As a result of the negligent operation of the Subject Vehicle, said motor vehicle was caused to collide with Daniela Herrera, a pedestrian walking on the side of the road, causing serious injuries.

15. The aforementioned collision was caused solely and exclusively by reason of the negligence of the Defendant Bohnert and was caused in no manner whatsoever by any act or failure to act on the part of the Plaintiff Daniela Herrera.

16. The Defendant was negligent by, among other things, operating the vehicle in a reckless manner, failing to use the appropriate caution in a heavily trafficked pedestrian area, and failing to recognize and avoid striking a pedestrian.

17. The serious injuries suffered by Daniela Herrera was the direct and proximate result of the negligence of the Defendant Bohnert as follows:
    a. Defendant negligently operated the Subject Vehicle that struck Daniela Herrera causing serious personal injuries;
    b. Defendant negligently failed to use the appropriate caution in a heavily trafficked pedestrian area; and
    c. Defendant negligently failed to recognize and avoid striking pedestrian Daniela Herrera.

18. As a result of Defendant's negligence, as described above, the Plaintiff was seriously injured, to wit: including but not limited to: broken ankle, right knee tear, lumbar sprain, head injury, and other severe personal injuries, some or all of which are or may be permanent in nature.

19. As a further and proximate result of the negligence of Defendant Bohnert, the Plaintiff was put to great expense for medicine, medical attention and nursing in an amount greater than Two Thousand ($2,000.00) Dollars, and was for a long period of time unable to attend to Plaintiff's usual duties, all to his great detriment and loss.

20. As a further result of the negligence of Defendant Bohnert, the Plaintiff, Daniela Herrera, has undergone great physical pain and mental anguish, and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

21. As a further direct and proximate result of the Defendant's negligence, the Plaintiff will for an indefinite time in the future be obliged to expend various and diverse sums of money in and about an effort to cure himself of the injuries he has suffered, all to his great detriment and loss.

22. Plaintiff, Daniela Herrera, further alleges to have a cause of action in accordance with M.G.L.A. c. 231, § 6D.

WHEREFORE, the Plaintiff demands judgment and damages of the Defendant herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT II
## NEGLIGENT HIRING & SUPERVISION
### Daniela Herrera v. Uber Technologies, Inc.

23. All previous paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

24. Defendant Uber had a duty to exercise reasonable care in the hiring, training, and supervision of its employees.

25. On or about August 28, 2017, Defendant Uber knew or should have known that employee Mr. Bohnert, lacked the proper skills and training and was unfit and unable to safely and properly operate the Subject Vehicle.

26. By failing to take reasonable measures in properly hiring, training, and supervising its employees, including but not limited to Defendant Bohnert, Defendant Uber breached its duty of care to Plaintiff Daniela Herrera.

27. As a direct and proximate result of Defendant Uber's negligent and/or grossly negligent hiring, training, and supervision of Defendant Bohnert, Plaintiff Daniela Herrera was caused to suffer serious injuries.

WHEREFORE, the Plaintiff demands judgment and damages of the Defendant herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT III

### RESPONDEAT SUPERIOR
### Daniela Herrera v. Uber Technologies, Inc.

28. All previous paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

29. On or about August 28, 2017, Defendant Uber had in its employ, agency, or service Defendant Bohnert.

30. Pursuant to the doctrine of Respondeat Superior, all negligence and/or gross negligence committed by its employees, agents, or servants is imputed to be the responsibility of Defendant Uber.

WHEREFORE, the Plaintiff demands judgment and damages of the Defendant herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.**

Respectfully Submitted,

The Plaintiff,
By her attorneys,

_____
Donald R. Grady, Jr., BBO # 544841
Sara W. Khan, BBO # 680769
SHEFF LAW OFFICES, P.C.
10 Tremont Street
Boston, MA 02108
(617) 227-7000
DGrady@Shefflaw.com

Dated: 5.14.20

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                                    SUPERIOR COURT
                                                   CIVIL ACTION NO.:

DANIELA HERRERA

    Plaintiff,

v.

UBER TECHNOLOGIES, INC., and
JAMES CARL BOHNERT

    Defendants.

## NOTICE OF TAKING 30(b)(6) DEPOSITION

TO:   UBER TECHNOLOGIES, INC.,

**PLEASE TAKE NOTICE**, that on **February 18, 2021**, the Plaintiff in this action, by her attorneys, will take the deposition upon oral examination of **Defendant, Uber Technologies, Inc.,** to testify on the topics described and listed in the attached Schedule A, at the at the **Sheff Law Offices, P.C. 10 Tremont Street 7th Floor, Boston MA, 02108**, or though video conference, pursuant to the applicable provisions of the Massachusetts Rules of Civil Procedure, Rule 30(b)(6), before a Notary Public or Stenotype Reporter, or before some other officer authorized by law to administer oaths.

The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

## **SCHEDULE A**

1. The person with the most knowledge of the incident that occurred on August 28, 2017 as contained in Plaintiff's Complaint.

2. The person with the most knowledge of Defendant Uber Technologies, Inc's Answers to Plaintiff's Interrogatories in this action.

3. The person with the most knowledge of the documents produced by Defendant Uber Technologies, Inc., in response to Plaintiff's First Request for Production of Documents in this action.

4. The person with the most knowledge of Uber Technologies, Inc's requirements to sign up as a "driver-partner" in Massachusetts from August 1, 2015 – August 1, 2020.

5. The person with the most knowledge of Uber Technologies, Inc's Code of Conduct for "driver-partners" from August 1, 2015 – August 1, 2020.

6. The person with the most knowledge of Uber Technologies, Inc's "Community Guidelines" for "driver-partners" from August 1, 2015 – August 1, 2020.

7. The person with the most knowledge of Uber Technologies, Inc's Promotions for "driver-partners" from August 1, 2015 – August 1, 2020.

8. The person with the most knowledge of Uber Technologies, Inc's Incident Response Team in Massachusetts from August 1, 2015 – August 1, 2020.

9. The person with the most knowledge of Uber Technologies, Inc's policies, rules, and/or guidelines regarding "Driving Time" for driver-partners in Massachusetts from August 1, 2015 – August 1, 2020.

10. The person with the most knowledge of complaints made to Uber Technologies Inc., regarding Defendant James Carl Bohnert from August 1, 2015 – August 1, 2020.

11. The person with the most knowledge of Uber Technologies, Inc's rules, regulations, policies, and/or practices regarding "deactivation" or "blocking" of a driver-partner's account from August 1, 2015 – August 1, 2020.

12. The person with the most knowledge of the Service Agreement between Uber Technologies, Inc's and "driver-partners" in Massachusetts from August 1, 2015 – August 1, 2020.

Respectfully submitted,
The Plaintiff,
By her Attorneys,

_____
Donald R. Grady, Jr., BBO # 544841
Sara W. Khan, BBO #
SHEFF LAW OFFICES, P.C.
10 Tremont Street, 7th Floor
Boston, MA 02108
(617) 227-7000
DGrady@shefflaw.com
Skhan@shefflaw.com

Dated: July 17, 2020

### CERTIFICATE OF SERVICE

I hereby certify this _17th_ day of __July__, 2020, that a copy of the within document will be served upon the Defendant in this action pursuant to Mass. R. Civ. P. Rule 5 concurrently with service of the Complaint.

_____
Sara W Khan, Esq.

2



SHEFF LAW
THE DANIEL WEBSTER SUITE
TEN TREMONT STREET
BOSTON, MASSACHUSETTS 02108

CERTIFIED MAIL
7018 2290 0002 1371 7668

Uber Technologies, inc.
1455 Market Street
San Francisco, CA 94103

